UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMSON BENDER,

    Plaintiff,

v.                                                    Case No. 8:20-cv-149-T-60AAS

BONNIE J. BURICH,

    Defendant.
_____/

## ORDER GRANTING "MOTION TO DISMISS BONNIE J. BURICH AND TO SUBSTITUTE THE UNITED STATES OF AMERICA AS DEFENDANT"

This matter is before the Court on the United States of America's "Motion to Dismiss Bonnie J. Burich and to Substitute the United States of America as Defendant," filed on January 23, 2020. (Doc. 4). Although Plaintiff opposes the motion, he did not file a response. Upon review of the motion, court file, and record, the Court finds as follows:

### Background

On June 4, 2019, Plaintiff Samson Bender sued Defendant Bonnie J. Burich, a physician assistant at Tampa Family Health Centers, Inc. ("Health Center") for medical malpractice and negligence. According to Plaintiff, in November 2018, Burich did not request a bed for him at the Health Center. Plaintiff claims that as a result of Burich's acts or omissions, he endured pain and suffering, including swollen legs from sleeping in his wheelchair for two months.

## Analysis

Under the Federally Supported Health Centers Assistance Act ("FSHCAA"), the Federal Tort Claims Act ("FTCA") is the exclusive remedy for tort claims against a federally supported health facility and its employees. *Sepulveda v. Family Health Ctr. of S.W. Fla., Inc.*, Case No. 2:05-cv-231-FtM-33SPC, 2005 WL 8159514, at *1 (M.D. Fla. Oct. 19, 2005). The FTCA waives the United States' sovereign immunity for claims seeking monetary damages for personal injury or wrongful death claims caused by the negligent act of any employee while that employee was acting within the course and scope of his or her office or employment, under circumstances where the United States would be liable if a private person. 28 U.S.C. § 1346(b)(1); *see also Rodriguez v. Heart of Fla. Health Ctr., Inc.*, No. 5:15-cv-378-Oc-30PRL, 2015 WL 5672576, at *1 (M.D. Fla. Sept. 24, 2015).

> Pursuant to § 233(a):
>
> The remedy against the United States provided by sections 1346(b) and 2672 of Title 28, . . . for damage for personal injury, including death, resulting from the performance of medical, surgical, dental, or related functions, . . . by any commissioned officer or employee of the Public Health Service while acting within the scope of his office or employment, shall be exclusive of any other civil action or proceeding by reason of the same subject-matter against the officer or employee (or his estate) whose act or omission gave rise to the claim.

42 USC § 233(a). A Public Health Service employee is defined as "an entity [–public or non-profit private receiving Federal Funds under section 330 [42 USCS § 254(b)]–] ... and any officer, governing board member, employee ... of such entity who is deemed to be an employee of the Public Health Service ...." *Sepulveda*, 2005 WL 8159514, at *1.

The United States has established that, at all relevant times, (1) the Health Center is a federally supported health center receiving federal funding under 42 U.S.C. § 254(b); (2) the Department of Health and Human Services has deemed the Health Center eligible for FTCA coverage; and (3) the Secretary of Health and Human Services has deemed Burich a Public Health Service employee. *See* (Doc. 4-1). Therefore, both the Health Center and Burich meet the statutory requirements and have been deemed employees of the United States. *See Sepulveda*, 2005 WL 8159514, at *1. Consequently, Plaintiff's remedy is exclusive to the United States.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The United States of America's "Motion to Dismiss Bonnie J. Burch and to Substitute the United States of America as Defendant" (Doc. 4) is **GRANTED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 14th day of April, 2020.

 

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**