UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMSON BENDER,

    Plaintiff,

v.                                              Case No. 8:20-cv-149-T-60AAS

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER GRANTING "DEFENDANT UNITED STATES OF AMERICA'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW"**

This matter is before the Court on "Defendant United States of America's Motion to Dismiss and Incorporated Memorandum of Law," filed on February 26, 2020. (Doc. 7). *Pro se* Plaintiff Samson Bender did not respond in opposition to the United States' motion. Upon review of the motion, response, court file, and record, the Court finds as follows:

**Background**

On June 4, 2019, Plaintiff Samson Bender sued Defendant Bonnie J. Burich, a physician assistant at Tampa Family Health Centers, Inc. ("Health Center") for medical malpractice and negligence in state court. According to Plaintiff, in November 2018, Burich did not request a bed for him at the Health Center. Plaintiff claims that because of Burich's acts or omissions, he endured pain and suffering, including swollen legs from sleeping in his wheelchair for two months. On January 21, 2020, this action was removed to this Court. (Doc. 1). On April 14,

2020, the Court substituted the United States as a party and terminated Burich as a defendant. (Doc. 12).

## Legal Standard

Under Rule 12(b)(1), the plaintiff bears the burden to establish the district court's subject matter jurisdiction. *See, e.g.*, *Thompson v. McHugh*, 388 F. App'x 870, 872 (11th Cir. 2010). A party may attack subject matter jurisdiction through a facial attack or a factual attack. *Scarfo v. Ginsberg*, 175 F.3d 957, 960 (11th Cir. 1999) (citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Facial attacks . . . 'require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for the purposes of the motion.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529). Alternatively, "[f]actual attacks challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside of the pleadings, such as testimony and affidavits, are considered.'" *Id.* (quoting *Lawrence*, 919 F.2d at 1529).

As Plaintiff is proceeding *pro se*, the Court more liberally construes the pleadings. *Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2018). However, a *pro se* plaintiff must still conform with procedural rules and the Court does not have "license to act as *de facto* counsel" on behalf of a *pro se* plaintiff. *United States v. Padgett*, 917 F.3d 1312, 1317 (11th Cir. 2019). Normally, a *pro se* plaintiff "must be given at least one chance to amend the complaint before the district court dismisses

the action with prejudice," unless amendment is futile. *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991).

## Analysis

The United States contends that the Court lacks subject matter jurisdiction because Plaintiff failed to exhaust the necessary administrative remedies before filing his claim in federal court. "The United States and its agencies enjoy sovereign immunity, which Congress must waive unequivocally before a plaintiff can sue." *Swinnie v. Comm'r of Soc. Sec.*, No. 8:18-cv-407-T-23AAS, 2019 WL 1532532, at *1 (M.D. Fla. Apr. 9, 2019). Plaintiff's claim falls under the Federal Tort Claims Act ("FTCA"). The FTCA "provides a limited waiver of sovereign immunity making the United States liable for 'injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office [or] employment.'" *JBP Acquisitions, LP v. United States ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (quoting 28 U.S.C. § 1346(b)).

As a jurisdictional prerequisite to seeking relief under the FTCA, a plaintiff must first exhaust his administrative remedies by presenting his claim to the appropriate federal agency. 28 U.S.C. § 2675(a); *see McNeil v. United States*, 508 U.S. 106, 112 (1993). If the plaintiff cannot establish compliance with § 2675(a), the Court must dismiss the complaint for lack of subject matter jurisdiction. *See, e.g.*, *Caldwell v. Klinker*, 646 F. App'x 842, 846-47 (11th Cir. 2016).

Here, the United States has presented evidence that Plaintiff did not file an administrative tort claim.  *See* (Doc. 4-4 at ¶ 4).  Plaintiff has not responded to this point, and he has submitted no evidence to the contrary.  Moreover, Plaintiff neither specifically alleges that he filed an administrative tort claim related to the November 2018 incident at the Health Center with the appropriate agency, nor does he generally allege that he has satisfied all conditions precedent to suit.  Because it appears that Plaintiff has not complied with the requirements of § 2675(a), the Court lacks subject matter jurisdiction over this matter.

However, in light of Plaintiff's *pro se* status, the Court will grant Plaintiff leave to file an amended complaint so he may properly allege jurisdiction, if possible.  Because the Court is dismissing the complaint on subject matter jurisdiction grounds, it does not reach the United States' arguments raised under Federal Rule of Civil Procedure 12(b)(6) at this time.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. "Defendant United States of America's Motion to Dismiss and Incorporated Memorandum of Law" (Doc. 7) is **GRANTED** to the extent the Court finds that it lacks subject matter jurisdiction over this matter.

2. Plaintiff Samson Bender's complaint (Doc. 1) is **DISMISSED WITHOUT PREJUDICE**.  Plaintiff may file an amended complaint on or before June 22, 2020, if he may do so in good faith.  Failure to file an amended

complaint by the Court's deadline shall result in dismissal of this case without prejudice without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 22nd day of May, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**