UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMSON BENDER,

    Plaintiff,

v.                                        Case No. 8:20-cv-149-TPB-AAS

UNITED STATES OF AMERICA,

    Defendant.
_____/

**<u>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL</u>**

This matter is before the Court on Plaintiff's motion for recusal, filed *pro se* on April 21, 2022. (Doc. 38). The Court addresses the motion under 28 U.S.C. § 455. The standard for recusal is "whether a reasonable person knowing all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986); *see also Christo v. Padgett*, 223 F.3d 1324, 1333 (11th Cir. 2000); *In re Ford*, No. 8:18-cv-2053, 2018 WL 7360654, at *1 (M.D. Fla. Oct. 11, 2018). "Indeed, 'a judge, having been assigned to a case, should not recuse himself on unsupported, irrational, or highly tenuous speculation.'" *In re Moody*, 755 F.3d 891, 895 (11th Cir. 2014) (quoting *Greenough*, 782 F.2d at 1558). "Because a judge is presumed to be impartial, a party seeking recusal bears the substantial burden of proving otherwise." *United States v. Martinez*, 446 F.3d 878, 883 (8th Cir. 2006) (citation omitted).

Plaintiff has presented no legitimate basis for recusal. He takes issue with the closure of his case, appearing to allege that the closure reflects that the undersigned

has no concern for Plaintiff's "health and well-being." However, this case was closed for lack of prosecution due to the non-filing of a case-management report and Plaintiff's failure to respond to an order to show cause. (Doc. 17). "[A]dverse rulings alone do not provide a party with a basis for holding that the court's impartiality is in doubt." *United States v. Singletary*, 196 F. App'x 819, 820 (11th Cir. 2006) (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1103 (11th Cir. 2001)). Plaintiff does not provide any evidence that the undersigned has any personal bias against him, nor has he shown how any alleged personal bias has impacted any rulings. The motion is denied. This case remains closed.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Plaintiff's motion for recusal (Doc. 38) is **DENIED**.

2. This case remains closed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 5th day of May, 2022.

　　　　　　　　　　　　　　　　　　　　　　　　　　　
**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**